# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-272 (PAM/TNL) |
| Plaintiff, | **ORDER** |
| v. | |
| Dean Jerome Berg, | |
| Defendant. | |

This matter comes before the Court on Defendant Dean Jerome Berg's Request for Extension of Time to File Motions and to Strike Motion Hearing, ECF No. 23. Defense counsel requests an extension of the motions-filing deadline to June 25, 2021, as counsel "has not had an opportunity to review discovery with [Defendant]" and Defendant "is not currently available to counsel." ECF No. 23 at 1. Defense counsel also requests that the motions hearing currently set for June 29, 2021, be stricken. The Government has no objection to either request.

Additionally, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[1] On April 29, 2021, Chief Judge Tunheim entered General Order No. 28, which allows

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

limited in-person proceedings to start on May 3, 2021, for defendants who decline to consent to conducting the proceeding using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available. *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 28 (D. Minn. Apr. 29, 2021). General Order No. 28 states that because only limited in-person proceedings may be held each day, criminal proceedings may be continued until the date that the criminal proceeding takes place.

General Order No. 28 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.[2] General Order No. 28 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act to address delays attributable to COVID-19. **Accordingly, should Defendant file pretrial motions, counsel shall also file a letter indicating whether Defendant consents to a motions hearing by videoconference.** *See also* ECF No. 16.

Pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to provide Defendant and his counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources.

---

[2] *See also* General Order No. 27, which went into effect on March 25, 2021, vacated General Order No. 24, and extended the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 27 (D. Minn. Mar. 24, 2021).

The Court will, however, continue the motions hearing, rather than strike it. Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Request for Extension of Time to File Motions and to Strike Motion Hearing, ECF No. 23, is **GRANTED IN PART** and **DENIED IN PART**.

2. The period of time from **May 26 through July 29, 2021**, shall be excluded from Speedy Trial Act computations in this case.

3. All motions in the above-entitled case shall be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **June 25, 2021**. D. Minn. LR 12.1(c)(1). Two courtesy copies of all motions and responses shall be delivered directly to the chambers of Magistrate Judge Leung.

4. **Should Defendant file pretrial motions, counsel shall also file a letter on or before June 25, 2021, indicating whether Defendant consents to a motions hearing by videoconference**.

5. Counsel shall electronically file a letter on or before **June 25, 2021**, if no motions will be filed and there is no need for hearing.

6. All responses to motions shall be filed by **July 9, 2021**. D. Minn. LR 12.1(c)(2).

7. Any Notice of Intent to Call Witnesses shall be filed by **July 9, 2021**. D. Minn. LR. 12.1(c)(3)(A).

8. Any Responsive Notice of Intent to Call Witnesses shall be filed by **July 14, 2021**. D. Minn. LR 12.1(c)(3)(B).

9. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

    a. The government makes timely disclosures and a defendant pleads particularized matters for which an evidentiary hearing is necessary; or

    b. Oral argument is requested by either party in its motion, objection or response pleadings.

10. **If required, the motions hearing shall take place before the undersigned on July 29, 2021, at 1:30 p.m., in Courtroom 9W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.** D. Minn. LR 12.1(d).

11. **TRIAL: The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Paul A. Magnuson to confirm the new trial date.**

Dated: June 3, 2021

                                              *s/ Tony N. Leung*
TONY N. LEUNG
United States Magistrate Judge
District of Minnesota

*United States v. Berg*
Case No. 20-cr-272 (PAM/TNL)